UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | | |
|---|---|---|
| **WELSON IOANIS,** | * | Case No. 1:17-cv-112 |
| *Plaintiff,* | * | |
| v. | * | |
| **SUSHI CAFE WORLD, LLC** *doing business as* **IRON CHEF GRILL,** | * | **VERIFIED COMPLAINT** |
| | * | |
| *Defendant.* | * | |
| | * | |
| | * | |
| | * | |

**PRELIMINARY STATEMENT**

1. Plaintiff brings this complaint against Defendant for recovery of unpaid wages. Specifically, Plaintiff seeks back pay, liquidated damages, and reimbursement of his costs and attorneys' fees in prosecuting this action under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*); Ohio's Minimum Fair Wage Standards Act (Ohio Rev. Code Chapter 4111); and the Minimum Wage Amendment to Ohio's Constitution (Art. II, Sec. 34a, Ohio Constitution).

**JURISDICTION & VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is within Warren County, Ohio.

## PARTIES & BACKGROUND

4. Plaintiff was employed by Defendant as a kitchen chef for approximately 16 full workweeks between August 2015 and January 2016, and Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e).

5. Plaintiff, while employed by Defendant, was engaged in commerce because Defendant employed Plaintiff in a restaurant that sold food with various ingredients manufactured or raised outside of the State of Ohio.

6. Defendant Sushi Cafe World LLC was a limited liability company organized under the laws of the State of Ohio.

7. Defendant Sushi Cafe World LLC does business under the fictitious name Iron Chef Grill.

8. Defendant paid Plaintiff $400.00 per week, and Plaintiff worked, on average, 66 hours per week for Defendant, the quotient of which is a $6.06 hourly wage.

9. Defendant is an "employer" as that term is defined in 29 U.S.C. § 203(d); Ohio Rev. Code Chapter 4111; and Article 2, Section 34a of Ohio's Constitution.

10. Defendant, at all times relevant, had gross annual receipts in excess of $500,000.00; had at least two employees performing work in the State of Ohio; and purchased food ingredients from locations outside the State of Ohio—all of which constitutes interstate commerce.

11. Defendant, with respect to Plaintiff, was required to comply with 29 U.S.C. § 201 *et seq.*; Ohio Rev. Code Chapter 4111; and Article II, Section 34a of Ohio's Constitution, under both individual- and enterprise-coverage principles.

12. Plaintiff voluntarily terminated his employment with Defendant in or about January 2016 because Defendant was not paying Plaintiff properly for all hours worked.

**FIRST CLAIM FOR RELIEF**

*(Non-Payment of Minimum Wages under the FLSA)*

13. Plaintiff re-alleges and incorporates the above allegations.

14. Under 29 U.S.C. § 206, Defendant was obligated to pay Plaintiff the minimum rate of wages for any work it suffered, permitted, or required Plaintiff to perform in 2015 and 2016.

15. Defendant willfully failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff to work for $6.06 per hour, which is less than the applicable federal minimum wage rate of $7.25 per hour.

16. Defendant knowingly and willfully failed to pay Plaintiff the minimum rate of wages for all hours he worked in 2015 and 2016 and did not dispute that the wages were due and owing.

17. Defendant does not qualify for an exemption from paying minimum wages to Plaintiff under 29 U.S.C. § 206; 29 U.S.C. § 213; or any other section of law, for Plaintiff's hours worked in 2015 and 2016.

18. Because Defendant willfully has failed to pay Plaintiff at least the minimum rate of wages for all hours he worked at $7.25 per hour worked, Plaintiff is entitled to collect $761.60 as and for liquidated damages, i.e., 40 straight time hours per week multiplied by 16 weeks multiplied by $1.19 per hour ($7.25 minus $6.06).

## SECOND CLAIM FOR RELIEF

*(Non-Payment of Minimum Wages under Ohio Law)*

19. Plaintiff re-alleges and incorporates the above allegations.

20. Under Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's Constitution, Defendant was obligated to pay Plaintiff the minimum rate of wages for any work it suffered, permitted, or required Plaintiff to perform.

21. Defendant failed to comply with the requirements of Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's Constitution by suffering or permitting Plaintiff to work for $6.06 per hour in 2015 and 2016, which is less than the applicable Ohio minimum wage rate of $8.10 per hour worked in 2015 and 2016.

22. Defendant knowingly and willfully failed to pay Plaintiff the minimum rate of wages for all hours worked in 2015 and 2016.

23. Defendant does not qualify for an exemption from paying minimum wages to Plaintiff under Ohio Rev. Code Chapter 4111; Article 2, Section 34a of Ohio's Constitution; or any other section of law, for hours he worked in 2015 and 2016.

24. Because Defendant has failed to pay Plaintiff at least the minimum rate of wages for all hours worked in 2015 and 2016 at $8.10 per hour worked, Plaintiff is entitled to collect $1,305.60 as and for back wages, i.e., 40 straight time hours per week multiplied by 16 weeks multiplied by $2.04 per hour ($8.10 minus $6.06), and $2,611.20 as and for liquidated damages, i.e., 40 straight time hours per week multiplied by 16 weeks multiplied by $2.04 per hour ($8.10 minus $6.06) multiplied by 2.

## THIRD CLAIM FOR RELIEF

*(Non-Payment of Overtime Wages under the FLSA)*

25. Plaintiff re-alleges and incorporates the above allegations.

26. Under 29 U.S.C. § 207, Defendant was obligated to pay Plaintiff one and one half times his regular rate of pay for any work it suffered, permitted, or required Plaintiff to perform after forty hours of work in each workweek.

27. Defendant willfully failed to comply with the requirements of 29 U.S.C. § 207 by suffering or permitting Plaintiff to work for $6.06 per overtime hour worked, which is less than $10.88 per hour, i.e., one and one half times the minimum wage rate of $7.25 per hour.

28. Defendant knowingly and willfully failed to pay Plaintiff the proper rate for all overtime hours he worked.

29. Defendant was aware Plaintiff worked these hours, but still refused to pay Plaintiff.

30. Defendant does not qualify for an exemption from paying overtime wages to Plaintiff under 29 U.S.C. § 207; 29 U.S.C. § 213; or any other section of law.

31. Because Defendant willfully has failed to pay Plaintiff one and one half times the minimum wage rate for all hours he worked after forty in each workweek, Plaintiff is entitled to collect $2,005.12 as and for back wages (i.e., 26 overtime hours per week multiplied by 16 weeks multiplied by $4.82 per hour) and $2,005.12 as and for liquidated damages (i.e., a like amount in liquidated damages).

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff prays that the Court enter judgment as follows:

    a.    ordering Defendant to pay Plaintiff $3,310.72 as and for back pay;

    b.    ordering Defendant to pay an additional $5,377.92 as and for federal and state liquidated damages for each hour Plaintiff worked for which Defendant failed to pay him proper minimum or overtime wages;

    c.    ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

    d.    awarding any other legal or equitable relief.

        Respectfully submitted,

        MANGANO LAW OFFICES CO., L.P.A.

        s/Ryan K. Hymore
        Ryan K. Hymore (0080750) [Trial Attorney]
        3805 Edwards Road, Suite 550
        Cincinnati, Ohio 45209
        T: (513) 255-5888
        F: (216) 397-5845
        rkhymore@bmanganolaw.com

        *Counsel for Plaintiff*

STATE OF OHIO }
} SS: **AFFIDAVIT OF VERIFICATION**
COUNTY OF WARREN }

I, Welson Ioanis, being duly sworn, state under penalty of law that the following is true:

1. I am over the age of 21 and competent to make the statements herein.

2. I have reviewed each and every line in the foregoing complaint.

3. I am familiar with all factual allegations in the foregoing complaint.

4. I have personal knowledge of all factual allegations contained in the foregoing complaint, which are true to best of my knowledge.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Welson Ioanis

Sworn to before me and subscribed in my presence this 2nd day of December 2016.

_____
Notary Public

RYAN KEITH LIVMORE
[Notary seal]
STATE OF OHIO
Commission has no expiration date
Sec. 147.03 R.C.